Andrew E. Smyth, Esq. SBN 60030
Stephen S. Smyth, Esq. SBN 248433
William J. Smyth, Esq. SBN 265374
SW SMYTH LLP
4929 Wilshire Boulevard, Suite 690
Los Angeles, California 90010
Telephone: (323) 933-8401
Facsimile: (323) 933-8401
e-mail: office@smythlo.com

Attorneys for Responding Party,
CLAIRE M. ALMEDA

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>CLAIRE M. ALMEDA<br>Debtor(s). | CHAPTER 13<br>BK. 2:19-bk-24639 -VZ<br><br>**DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY FILED BY MAGNUM PROPERTY INVESTMENTS, LLC AND STRATEGIC ACQUISITIONS, INC.; DECLARATION OF EUGENE MALLO IN SUPPORT OF OPPOSITION TO RELIEF FROM STAY**<br><br>Date:    February 11, 2020<br>Time:    9:30 a.m.<br>Place:   Courtroom 1368<br>          255 E. Temple St.<br>          Los Angeles, Ca 90012<br><br>Judge:   Hon. Vincent P. Zurzolo |

**INTRODUCTION AND STATEMENT OF FACTS**

**CLAIRE ALMEDA** (the "Debtor"), the debtor in the above-captioned bankruptcy case, hereby opposes the Motion for Relief From Stay filed by **MAGNUM PROPERTY INVESTMENTS, LLC AND STRATEGIC ACQUISITIONS, INC.**

1

Debtor CLAIRE M. ALMEDA the above entitled Chapter 13 Bankruptcy on 12/16/2019.

On the date of filing the Debtor owned an interest in the property at 7322 W. 90th Street, Los Angeles, CA 90045.

The foreclosing creditor, Western Progressive, was notified of the filing by fax. See Declaration of Eugene Mallo attached, and Exhibit A—proof of faxing.

On 12/18/2019 despite notice of the filing of the above entitled Chapter 13 Creditor Western Progressive sold the 90th Street Property at a foreclosure sale to the Movants MAGNUM PROPERTY INVESTMENTS, LLC AND STRATEGIC ACQUISITIONS, INC.

## ARGUMENT

I. **UNDER A "BALANCING OF THE EQUITIES TEST" A SHOWING THAT MIGHT BE SUFFICIENT FOR RELIEF FROM STAY IS NOT NECESSARILY SUFFICIENT TO ANNUL THE STAY**

Courts apply a "balancing of the equities test when deciding whether to retroactively annul an automatic stay.

Nat'l Envtl. Waste Corp. v. City of Riverside (In re Nat'l Envtl. Waste Corp.), 129 F.3d 1052, 1055 (9th Cir. 1997) (explaining that because "cause" has no clear definition and is determined on a case-by-case analysis, a balancing of the equities appropriate to determine whether retroactive annulment of the automatic stay is justified).

Morris v. Zabu Holding Co. (In re Morris), 385 B.R. 823

II. **SIMPLY FAILING TO FILE THE REMAINDER OF CHAPTER 13 SCHEDULES OR HAVING ONLY ONE CREDITOR LISTED DOES NOT COMPEL THE ANNULLING OF THE AUTOMATIC STAY**

a). Courts seem to require something more than negligence or not following through on filing paperwork to "annul" the stay (in contrast to simply granting "Relief from Stay".

"On the evidence presented at the preliminary hearing, the Court cannot find that the equities favor annulling the automatic stay retroactively. Though AMIP had no actual notice of the Debtors' bankruptcy filing, notice of the filing was sent to RAV, the law firm that conducted the foreclosure sale on AMIP's behalf. **Meanwhile, based on the evidence presented at the preliminary hearing on the Motion, the circumstances surrounding the filing of this joint bankruptcy petition do not rise to the level of unreasonable behavior or bad faith sufficient to justify annulling the stay retroactively.** It is true that both Debtors signed a petition that omitted Beverly's prior bankruptcy case, but no evidence has been presented to date that they did so intentionally. *Cf. In re Bright*, 338 B.R. 530, 537-38 (1st Cir. BAP 2006) (stay annulled due in part to egregious misstatements in petition and failure to disclose assets on schedules). The Debtors have not transferred interests in the Property of which the creditor was unaware. *Cf. Pinetree*, 876 F.2d at 37 (stay annulled where the debtor held merely unrecorded title in property unenforceable against the foreclosing creditor). Though venue of a bankruptcy case is not proper in a district solely due to a debtor's employer's location in that district, 28 U.S.C. § 1408(1),[6] improper venue is not, by itself, bad faith. *Cf. In re Steeley*, 243 B.R. 421, 425 (Bankr.N.D.Ala.1999) (Cohen, J.) (debtor's sixth bankruptcy petition, filed in improper venue, was filed in bad faith where the debtor admitted she hoped to escape prior court's order dismissing the fifth bankruptcy case with prejudice). This case may include some of the ingredients of *Bright*, *Pinetree*, and *Steeley*, but all three of those cases involved much worse facts. The Debtors' irregularities in this case, as reflected in the record at the preliminary hearing, do not provide cause for the equitable remedy of retroactively annulling the automatic stay." *In re Williams*, 533 B.R. 557, 565-566, Bankr. Court, ND Texas 2015. (Emphasis supplied).

### 1). Movant has not made a sufficient showing to nullify the automatic stay.

Magnum Property Investments, LLC and Strategic Acquisitions, Inc. have not alleged 1). Lack of Notice to the foreclosing creditor, 2). Multiple filings, 3) Bad faith transfers.

Because notice was given to the foreclosing creditor (and was ignored) this is a factor that weighs against annulling the automatic stay.

One difference is that, in determining whether cause exists for retroactive annulment of the stay, a court must focus on two factors: "(1) whether the creditor was aware of the bankruptcy petition; and (2) whether the debtor has engaged in unreasonable or inequitable conduct, or prejudice would result to the creditor." *In re Fjeldsted*, 293 B.R. 12, 24 (9th Cir. BAP 2003), quoting *Nat'l Envtl. Waste Corp. v. City of Riverside (In re Nat'l Envtl. Waste Corp.)*, 129 F.3d 1052, 1054-55 (9th Cir. 1997), cert. denied, 524 U.S. 952, 118 S.Ct. 2368, 141 L.Ed.2d 736 (1998). *In Re Pederson*, 563 B.R. 327 (2017).

III. **A FORECLOSURE SALE HELD WHILE AN AUTOMATIC STAY IS IN PLACE IS NOT A "COMMERCIALLY REASONABLE SALE" AND RISKS ANY BIDDER GETTING A WINDFALL (BASED ON THE VIOLATION OF THE AUTOMATIC STAY).**

IV.

"Annulling" the stay any time the facts would justify simply granting a motion for "relief from stay" sets up a scenario where creditors can bid at foreclosure sales where most competitive bidders are unlikely to show up and bid (because they (other potential bidders) are relying on and obeying the automatic stay.

V. **SUMMARY AND CONCLUSION**

The behavior of the Debtor alleged by Movants to justify annulling the stay presents a less compelling case than that of the Debtor's in the cases cited above, ie in *In Re Pederson*, 563 B.R. 327 (2017) and in *In re Williams*, 533 B.R. 557, 565-566, Bankr. Court, ND Texas 2015.

**MAGNUM PROPERTY INVESTMENTS, LLC AND STRATEGIC ACQUISITIONS, INC.** should be denied.

1 | DATED:    January 25, 2020                    Respectfully submitted,

3                                                SW SMYTH LLP

                                            By: _____
                                                Andrew E. Smyth
                                                Attorneys for Debtor

# DECLARATION OF EUGENE MALLO IN SUPPORT OF OPPOSITION TO MOTION OR RELIEF FROM THE AUTOMATIC STAY

I, Eugene Mallo, declare the following to be true under penalty of perjury:

1). I am a resident of Los Angeles County.

2). I am over 18 years of age.

3). On 12-17-19 at 2:24 pm I served notice by fax of the above entitled Chapter 13 on WESTERN PROGRESSIVE, LLC by faxing the face sheet of the Bankruptcy Petition and the Notice of Creditors, both of which contained the case number above to Fax No. 866-960-8298. See Ex A, proof of Faxing.

4). I could and would testify to the above from personal knowledge if called upon to do so.

Executed this 23rd day of January 2020, at Los Angeles, California

_____
Eugene Mallo

6

| In re: Claire M Almeda | CHAPTER: 13 |
|---|---|
| Debtor(s). | CASE NUMBER: 2:19-bk-24639-VZ |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
4929 Wilshire Blvd, Suite 690
Los Angeles, CA 90010

A true and correct copy of the foregoing document entitled (specify): Debtor's Opposition to Motion for Relief From Stay will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 01/27/2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Harris L Cohen    hcohen00@aol.com
Nancy K Curry (TR)    TrusteeECFMail@gmail.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.go

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On 01/27/2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Attorney for Movants Magnum Property Investments, LLS
And Strategic Acquisitions, Inc.
Harris L. Cohen, Esq.
HARRIS L. COHEN, A PROF. CORP.
5305 Andasol Ave.
Encino, CA 91316

Honorable Vincent P. Zurzolo
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1360 / Courtroom 1368
Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| January 27, 2020 | Michelle Yi | /s/ Michelle Yi |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    9013-3.1.PROOF.SERVICE