HARRIS L. COHEN, ESQ., State Bar # 119600
HARRIS L. COHEN, A PROF. CORP.
5305 Andasol Ave.
Encino, CA 91316
tel (818) 905-5599 / fax (818) 905-5660
email: hcohen00@aol.com

Attorney for Movants
Magnum Property Investments, LLC and
Strategic Acquisitions, Inc.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re: | ) CASE NO.  2:19-bk-24639-VZ<br>) CHAPTER 13<br>) |
| CLAIRE M. ALMEDA, | ) **MAGNUM PROPERTY INVESTMENTS,**<br>) **LLC'S AND STRATEGIC ACQUISITION,** |
| Debtor. | ) **INC.'S REPLY TO OPPOSITION TO**<br>) **MOTION FOR RELIEF/ANNULMENT OF**<br>) **AUTOMATIC STAY; MEMORANDUM OF**<br>) **POINTS AND AUTHORITIES**<br>) |
|  | ) Date:  February 11, 2020<br>) Time: 9:30 a.m.<br>  Courtroom: 1368 |

Movants, Magnum Property Investments, LLC and Strategic Acquisitions, Inc. reply to the opposition to their motion for relief/annulment of the automatic stay as to the property at 7322 W. 90th St., Los Angeles, CA 90045 (the "Property") as follows:

**I.    PLAINTIFF ADMITS SHE WAS NOT ON TITLE.**

The motion includes Exhibit "7," the letter claiming Debtor attached a quitclaim deed. However, it was not attached and there was nothing showing she had an interest in the

Property. Peter Baer's declaration confirms that no quitclaim was received and that a review of the title record for the Property shows that Debtor was not on title.

Debtor's response to the claim that she was never on title was a thundering silence. The issue is completely ignored and thus one can only infer that Debtor admits she was not on title.

What Debtor did attach to the opposition is a declaration of Eugene Mallo, in which he merely claims he emailed notice of the Bankruptcy to the trustee. However, he does not include the Exhibit "A" referenced in his declaration. Further, he does not attach any deed indicating that Debtor was on title when the foreclosure sale took place.

Therefore, there is no evidence in front of the Court that the Debtor had any interest in the Property that would invoke the automatic stay.

## II.    PLAINTIFF'S FACE PAGE FILING WAS DISMISSED BY THE COURT ON JANUARY 3, 2020.

Plaintiff does not deny that her case was dismissed on January 3, 2020. Further, she does not mention why she filed a face page filing and then abandoned the case only to let it be dismissed. The only logical and rational conclusion is that she wanted to interfere with the foreclosure sale by the fax from Eugene Mallo. Now, with the opportunity to inform the Court of the bona fides of her filing and her interest in the Property she is silent on those issues.

If she intended to reorganize and her filing was a for a good faith proper purpose, why didn't she file her remaining schedules and statement of affairs? Exhibit "6" docket item on 12/17/19 shows her prior 4 bankruptcy cases. Therefore, she is very familiar with bankruptcy and the filing requirements having filed two cases in 2017, a case in 2018 and

one in 2019 prior to this case.  With all that relevant experience in filing bankruptcy cases and knowing the requirements to file schedules and statement of affairs she failed to do so.  The only conclusion is that this was a bad faith filing.

### III.    DEBTOR'S ARGUMENT CONCERNING ANNULMENT OF THE STAY VERSUS RELIEF FROM STAY IS UNCONVINCING.

Debtor devotes an entire section of the brief to asking the Court to only grant relief from stay rather than annulment of the stay because the only issue the Court should look at is the failure to file schedules which may be mere negligence.

First, there is no evidence before the Court that the failure to file the remaining schedules and statement of affairs was mere negligence and not part of the bad faith filing to interfere with the foreclosure sale.  The Debtor, who let her face page filing get dismissed, has not provided a declaration.  Therefore, there is no evidence of negligence and on its face this is a classic bad faith filing as no other purposes is evident other than to interfere with the sale.

The Debtor cites only one case *In re Williams*, 533 B.R. 557 (Bankr. N.D. Tex. 2015) to support her argument.  That case is not binding on this Court.  Moreover it is distinguishable and quite unlike this case.

There the Debtor did not file a face page filing, unlike this case.

There, the Debtor did not allow the case to be dismissed, unlike this case.

There, the Debtor was on title, unlike this case.

There, the Debtor was the borrower on the loan in question, unlike this case.

There, the lender's affiliate took back the property, unlike this case.

3

MOVANTS' REPLY TO OPPOSITION TO MOTION FOR RELIEF/ANNULMENT OF THE AUTOMATIC STAY

Therefore, there is no analogy to the facts of this case where the Debtor has not even provided a declaration in support of her opposition to the motion.

### IV.     THE DEBTOR HAS NOT EVEN FILED A MOTION TO SET ASIDE THE DISMISSAL, AGAIN CONFIRMING THE BAD FAITH FILING.

The Debtor has consciously avoided introducing any evidence that would support a finding that she filed her case in good faith. In fact, she has also chosen not to file a motion to set aside the dismissal of her case and attach all the filings missing from her original filing. Those could have been attached to her opposition as well. Further, as discussed above, she has failed to put before the Court any admissible evidence that she owns any interest in the Property that would invoke the automatic stay.

### V.     DEBTOR'S SOLE ARGUMENT IS THAT NOTICE OF THE BANKRUPTCY FILING WAS GIVEN TO THE TRUSTEE. THE COURT SHOULD FIND THIS IS INSUFFICIENT

Debtor argues on page 3:25-27 of the opposition that annulment of the stay should be denied because movants have not alleged "1) Lack of Notice to the foreclosing creditor, 2) Multiple Filings, 3) Bad faith transfers."

In fact, Movants have provided the Court with evidence of four (4) prior filings. As to the "bad faith transfers" Movants continue to contend that this Debtor never owned any interest in the Property. That argument was made in the motion itself. Debtor responded by ignoring the argument and not providing the Court with any admissible evidence that the Debtor owned any interest in the Property. As to the issue of notice to the foreclosing creditor, the only alleged notice to the lender was that someone named, Claire M. Almeda, had filed a bankruptcy. There is no evidence that anyone for Ms. Almeda showed anyone

she owned any interest in the Property.  Again, even after reading the motion, she has still failed to show she owned any interest in the Property.

Debtor's brief addresses everything except her own conduct, her lack of any interest in the Property, the dismissal of her case and other factors that indicate her bad faith.

VI. **DEBTOR'S CONCERN ABOUT THE PUBLIC ATTENDING THE SALE ARE UNWARRANTED.**

Debtor makes a policy argument that, albeit without authority or evidence, that if the sale were re-noticed that a higher bid may be received because potential bidders that were chilled based on the automatic stay would appear and bid a higher price.

This argument has numerous flaws.  First, Debtor filed her face page petition only one business day prior to the sale.  She filed on Friday January 10, 2020, and the sale was Monday, January 13, 2020.  Further, she was not on title at that time.  Therefore, there is no basis for the Court to find that any potential bidder would have known of her alleged connection to the Property or be dissuaded from bidding at the auction based on Debtor's filing (which would have been unknown to potential bidders).  Further, the NOS indicated the lender was owed $513,881.55 ("Ex. "5" to motion) and the lender opened with a short bid as it knew the Property would not sell for the indebtedness.  This scenario leads to but one conclusion, the Property was hopelessly under water and there was no equity for the true owners, let alone Debtor who has not shown any ownership interest.

This position is further bolstered by the fact the true owners have not opposed the motion!

### VII. CONCLUSION.

Based on the foregoing, the Court should grant the motion and retroactively annul the stay.

HARRIS L. COHEN, A PROFESSIONAL CORPORATION

By: _____
Harris L. Cohen, Esq.
Attorney for Movants, Magnum Property
Investments, LLC and Strategic Acquisitions, Inc.

MOVANTS' REPLY TO OPPOSITION TO MOTION FOR RELIEF/ANNULMENT OF THE AUTOMATIC STAY

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 5305 Andasol Ave., Encino, CA 91316

A true and correct copy of the foregoing document entitled (*specify*): **MAGNUM PROPERTY INVESTMENTS, LLC'S AND STRATEGIC ACQUISITION, INC.'S REPLY TO OPPOSITION TO MOTION FOR RELIEF/ANNULMENT OF AUTOMATIC STAY; MEMORANDUM OF POINTS AND AUTHORITIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 1/31/20, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Harris L Cohen**   hcohen0  Harris L Cohen   hcohen00@aol.com
- Nancy K Curry (TR)   TrusteeECFMail@gmail.com
- Andrew Edward Smyth   office@smythlo.com
- United States Trustee (LA)   ustpregion16.la.ecf@usdoj.gov0@aol.com

**2. SERVED BY UNITED STATES MAIL**:
On 1/31/20, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| Claire M. Almeda<br>322 Culver Bl., Apt. #331<br>Playa Del Rey, CA 90293 | | |
|---|---|---|
| | | |

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on 1/31/20, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Vincent Zurzolo, US Bankruptcy Court, 255 E. Temple St., Ct 1368, Los Angeles, CA 90012

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/31/20 | Harris L. Cohen | /s/ |
|---|---|---|
| Date | Printed Name | Signature |

7

MOVANTS' REPLY TO OPPOSITION TO MOTION FOR RELIEF/ANNULMENT OF THE AUTOMATIC STAY